UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

 - v. -

TROY CARUSO,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS**

23 Cr. 654 (LJL)

WHEREAS, on or about December 12, 2023, TROY CARUSO (the "Defendant"), was charged in a two-count Sealed Indictment, 23 Cr. 654 (LJL) (the "Indictment"), with conspiracy to commit honest services fraud, in violation of Title 18, United States Code, Section 1349 (Count One); and honest service fraud, in violation of Title 18, United States Code, Sections 1343, 1346, and 2 (Count Two);

WHEREAS, on or about November 1, 2024, the Defendant pled guilty to Count One of the Indictment;

WHEREAS, on or about November 1, 2024, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment (the "Order of Forfeiture"), imposing a money judgment against the defendant in the amount of $716,176.87 (the "Money Judgment"), representing the proceeds traceable to Count One of the Indictment;

WHEREAS, to date, the entire Money Judgment entered against the Defendant remains unpaid;

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest:

1

    a.  Mass Mutual Insurance Policy No. 9622783;

    b.  Insurance Policy Met Life Policy No. 206218872PRR;

    c.  Any and all funds and assets held at Citizens Financial Group (GoldCoast) Investment held in the name of the Defendant;

    d.  Any and all funds and assets held at Phoenix Financial Investment held in the name of the Defendant;

    e.  Any and all funds and assets held in Fidelity IRA Investment Account No. 262112444 held in the name of the Defendant;

    f.  Any and all funds and assets held in Fidelity Investment Account No. Z35137763 held in the name of the Defendant; and

    g.  any and all funds on deposit in Wells Fargo Investment Account No. #5097-8713 held in the name of the Defendant;

(a. through g., collectively, the "Substitute Assets");

  WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, despite the exercise of due diligence in investigating the assets of the Defendant; and

  WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Assets.

  NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

  1.  All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Preliminary Order of Forfeiture of Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
      September  9 , 2025

SO ORDERED:

_____
HONORABLE LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE