UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                                            :
:
:
   -v-                                                               :    23-cr-654 (LJL)
:
TROY CARUSO,                                                         :    MEMORANDUM AND
:            ORDER
              Defendant.                                             :
:
---------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/9/2025

LEWIS J. LIMAN, United States District Judge:

      On November 1, 2024, Defendant Troy Caruso ("Defendant") pled guilty to Count One of the Indictment charging him with conspiracy to commit honest services fraud in violation of 18 U.S.C. § 1349.  Minute Entry, Nov. 1, 2024.  He did so pursuant to a plea agreement in which he admitted to the forfeiture allegations of the Indictment, agreed to forfeit $716,176.87, and consented to an order of forfeiture that would become final at the time it was entered by the Court.  Dkt. No. 113-1 at 2.[1]  Consistent with Defendant's plea, the Court signed and entered a Preliminary Order of Forfeiture signed by the Government, Defendant, and Defendant's counsel (the "Order of Forfeiture").  Dkt. No. 67.  The Order of Forfeiture recited Defendant's consent to the entry of a money judgment in the amount of $716,176.87 and his admission that, as a result of his acts and/or omissions, "the proceeds traceable to the offense charged in Count One of the Indictment that Defendant personally obtained cannot be located upon the exercise of due diligence."  *Id.* ¶ 2.  The Court entered a money judgment in the amount of $716,176.87 which would be deemed part of Defendant's sentence and included in the judgment of conviction.  *Id.*

---

[1] Defendant also admitted to the forfeiture allegation in the plea colloquy.

The Order of Forfeiture also stated: "Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment." *Id.* ¶ 5.

The Court sentenced Defendant on February 28, 2025 to a term of 20 months imprisonment, followed by two years of supervised release, and forfeiture according to the Order of Forfeiture. Dkt. No. 97.

The Government now moves for entry of a Preliminary Order of Forfeiture as to Substitute Assets (the "Substitute Assets Order"). Dkt. No. 110. The Substitute Assets Order would have Defendant forfeit to the United States all rights, title, and interest he has in certain specified insurance policies and financial and investment accounts (the "Substitute Assets") toward satisfaction of the forfeiture order against him and would authorize the United States Marshals Service to take possession of the Substitute Assets and to keep them in its secure custody and control pending notice to all persons other than Defendant claiming an interest in the assets. Dkt. No. 110-2. Defendant opposes on the grounds that the Government has not shown that there are any acts or omissions by him that prevented the Government from reaching the property that would satisfy his forfeiture application. Dkt. No. 112 at 4. Defendant also states that he is making affirmative efforts, through counsel and while incarcerated, to satisfy his forfeiture obligations. *Id.* at 5.

The Government's application is granted.

Section 853(p) of Title 21 of the United States Code provides that, if "as a result of any act or omission of the defendant," any property: "(A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E)

has been commingled with other property which cannot be divided without difficulty," the "court shall order the forfeiture of any other property of the defendant, up to the value of any property" so transferred or moved by the defendant.  21 U.S.C. § 853(p).

Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure further provides that on the Government's motion, "the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . (B) is substitute property that qualifies for forfeiture under an applicable statute."  Fed. R. Crim. P. 32.2(e)(1).  "Under Rule 32.2, the Government bears the burden of showing that it is entitled to forfeiture on a standard of preponderance of evidence.  The Government must also show its entitlement to forfeiture of substitute property on a standard of preponderance of the evidence."  *United States v. Christie*, 249 F. Supp. 3d 739, 743 (S.D.N.Y. 2017).

Defendant challenges solely whether the Government has exercised sufficient diligence to be entitled to forfeit the Substitute Assets.  He does not dispute (1) that no part of the money judgment against him has been paid; or (2) that the accounts identified by the Government constitute substitute assets.

"The Government generally has little difficulty in making the necessary [due diligence] showing."  *Christie*, 249 F. Supp. 3d at 745 (quoting *United States v. Gordon*, 710 F.3d 1124, 1166–67 (10th Cir. 2013)).  Here, the Government has offered the declaration of a Deputy United States Marshal with twenty years of experience asserting that he has "conducted an investigation into any assets of the Defendant's that constitute proceeds of the offense" using "the CLEAR law enforcement database," and that such searches "yielded negative results."  Dkt. No. 110-1 ¶ 9.  In addition, Defendant has himself admitted that as a result of his acts and omissions, the proceeds traceable to his commission of the offense charged in Count One

3

"cannot be located upon the exercise of due diligence." Dkt. No. 67 at 2. Finally, in his sentencing submission, Defendant further admitted that, of the $716,176.87 which he received as the proceeds of his crime, some of it was used "to pay overhead expenses to McAlpine Contracting Company," while other amounts were "used to pay general and administrative expenses." Dkt. No. 83 at 26. Courts have found such evidence sufficient to satisfy the due diligence requirement. *See United States v. Stern*, 2023 WL 6545460, at *2 (S.D.N.Y. June 8, 2023), *report and recommendation adopted*, 2023 WL 6058613 (S.D.N.Y. Sept. 18, 2023); *United States v. Malley*, 2022 WL 2764018, at *2 (S.D.N.Y. July 15, 2022); *United States v. Rolle*, 2022 WL 597239, at *1 (S.D.N.Y. Feb. 28, 2022) (Nathan, J.).

The Government need not wait on Defendant to locate and forfeit alternative assets. "When the Government cannot reach the property initially subject to forfeiture, federal law *requires* a court to substitute assets for the unavailable tainted property." *United States v. Parnas*, 2023 WL 4561589, at *1 (S.D.N.Y. July 17, 2023) (quoting *United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006)).

The Clerk of Court is respectfully directed to close Dkt. No. 110.

SO ORDERED.

Dated: October 9, 2025
      New York, New York

                                                 LEWIS J. LIMAN
                                              United States District Judge