UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
                                           :

    UNITED STATES OF AMERICA               :    **FINAL ORDER OF FORFEITURE**

                                            :

           -v.-                           :    23 Cr. 654 (LJL)

                                            :

    TROY CARUSO,                        :

                                            :

            Defendant.                  :

                                            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

WHEREAS, on or about October 8, 2025, this Court entered a Preliminary Order of Forfeiture as to Substitute Assets (the "Substitute Asset Order") (Dkt. 114), which ordered the forfeiture to the United States of all right, title and interest of TROY CARUSO (the "Defendant") in the following property, among others:

    a.      Mass Mutual Insurance Policy No. 9622783;

    b.      Met Life Insurance Policy No. 206218872PRR;

    c.      Any and all funds and assets held at Citizens Financial Group (GoldCoast) Investment held in the name of the Defendant;

    d.      Any and all funds and assets held at Phoenix Financial Investment held in the name of the Defendant;

    e.      Any and all funds and assets held in Fidelity IRA Investment Account No. 262112444 held in the name of the Defendant;

    f.      Any and all funds and assets held in Fidelity Investment Account No. Z35137763 held in the name of the Defendant; and

    g.      Any and all funds on deposit in Wells Fargo Investment Account No. #5097-8713 held in the name of the Defendant

(a. through g., collectively, the "POF Substitute Assets");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture,

notice of the United States' intent to dispose of the POF Substitute Assets, and the requirement that any person asserting a legal interest in the POF Substitute Assets must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3).  Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the POF Substitute Assets and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the POF Substitute Assets before the United States can have clear title to the POF Substitute Assets;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the POF Substitute Assets was posted on an official government internet site (www.forfeiture.gov) beginning on October 25, 2025, for thirty (30) consecutive days, through November 23, 2025, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on February 26, 2026 (Dkts. 116, 116-1);

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the POF Substitute Assets have been filed;

WHEREAS, the Defendant is the only person and/or entity known by the Government to have a potential interest the POF Substitute Assets;

WHEREAS, the Government seeks a Final Order of Forfeiture as to the following of the POF Substitute Assets:

    a.    Mass Mutual Insurance Policy No. 9622783;

    b.    Met Life Insurance Policy No. 206218872PRR;

    c.    Any and all funds and assets held at Citizens Financial Group (GoldCoast) Investment held in the name of the Defendant;

    d.    Any and all funds and assets held in Fidelity IRA Investment Account No. 262112444 held in the name of the Defendant; and

    e.    Any and all funds and assets held in Fidelity Investment Account No. Z35137763 held in the name of the Defendant.

(a. through e., collectively, the "Substitute Assets"), without prejudice as to any future application for a Final Order of Forfeiture as to the remaining POF Substitute Assets;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    All right, title and interest in the Substitute Assets is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.    Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Substitute Assets.

3.    The United States Marshals Service ("USMS") (or its designee) shall take possession of the Substitute Assets and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

4.      The USMS shall liquidate the Substitute Assets in the order listed below, up to the amount needed to satisfy the forfeiture money judgment of $716,176.87.  The net proceeds from the sale of each asset, less the expenses of custody and liquidation, shall be applied against the forfeiture money judgment.  Once sufficient assets have been liquidated to satisfy the outstanding balance of the forfeiture money judgment, the USMS shall cease sales and shall remit the unsold assets along with any excess sales proceeds to the Defendant.  To the extent that the USMS is able to liquidate only a portion of a given asset, it shall if by doing so it can satisfy the forfeiture money judgment while preserving some of the value of the asset.

a.      First, the USMS shall liquidate any and all funds and assets in the Fidelity IRA Investment Account No. 262112444 held in the name of the Defendant;

b.      Second, the USMS shall liquidate any and all funds and assets in the Fidelity Investment Account No. Z35137763 held in the name of the Defendant.

c.      Third, the USMS shall liquidate any and all funds and assets in the Citizens Financial Group   (GoldCoast) Investment held in the name of the Defendant;

d.      Fourth, the USMS shall liquidate the Met Life Insurance Policy No. 206218872PRR, up to the amount needed to meet the Defendant's money judgment obligation, but leaving at least 25% of the policy net surrender value, if possible;

e.       Fifth, the USMS shall liquidate the Mass Mutual Life Insurance Policy No. 9622783, up to the amount needed to meet the Defendant's money judgment obligation but leaving at least 25% of the policy net surrender value, if possible.

Dated: New York, New York
      March_3_, 2026

SO ORDERED:

_____
HONORABLE LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE