USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/21/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

TROY CARUSO,

Defendant.

23-cr-654-1 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Defendant Troy Caruso moves *pro se* for an order (i) relieving him from further obligations pursuant to the Court's order of forfeiture and $100,000 fine; (ii) directing the Government to immediately release his seized and restrained accounts; and (iii) directing the United States Marshals Service to provide him a complete written accounting of all forfeiture activity and to cease collection and remit all unsold assets and any excess proceeds to him. Dkt. No. 132 at 2–3. The motion is denied.

Defendant's motion is denied to the extent that it seeks a reduction of the amount of his fine or forfeiture amount. Defendant agreed in his plea agreement to forfeit to the United States a sum of money equal to $716,176.87 in United States currency, Dkt. No. 134-1, and signed a Consent Preliminary Order of Forfeiture/Money Judgment, consenting to the entry of a money judgment in the amount of $716,176.87, Dkt. No. 67. He also agreed to a stipulated Sentencing Guidelines range that included a fine range of $15,000 to $150,000. Dkt. No. 134-1. The sentence, which included a below-Guidelines term of imprisonment of 20 months, a fine of $100,000, and forfeiture of $716,176.87, Dkt. Nos. 97, 100 at 55–57, fell well within the terms of the plea agreement. Defendant agreed not to appeal or collaterally challenge any fine that was less than or equal to $150,000 or any forfeiture amount that was less than or equal to

$716,176.87. Dkt. No. 134-1. That agreement is binding. *See Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) ("A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable."). Moreover, a defendant cannot challenge the financial and non-custodial terms of his sentence pursuant to 28 U.S.C. § 2255 except perhaps when the financial terms create "'such a restraint on the liberty of a petitioner as to amount to custody,'" *United States v. Rutigliano*, 887 F.3d 98, 105 (2d Cir. 2018) (quoting *Kaminski v. United States*, 339 F.3d 84, 87 (2d Cir. 2003)), and the Court has authority under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) to reduce a "term of imprisonment" but not a fine, *see United States v. Weiss*, 2022 WL 10667255, at *2 (S.D.N.Y. Oct. 17, 2022). Only the Government has the right to petition for remission or deferral of a fine, 18 U.S.C. § 3573, and the Attorney General is vested with the authority to grant petitions for mitigation or remission of forfeiture, 21 U.S.C. § 853(i)(1).

The Court has the authority to adjust a payment schedule for a fine upon receipt of a notice from the defendant of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine." 18 U.S.C. § 3572(d)(3). The Court also has the authority to waive or limit the amount of interest on a fine if the Court determines that the defendant does not have the ability to pay interest. 18 U.S.C. § 3612(f)(3). Defendant has not established a basis for the Court to exercise that authority. At the time of sentencing, the Presentence Investigation Report reported that Defendant had a total net worth in excess of $12 million. Dkt. No. 81 ¶ 112. Defendant does not establish that he would be unable to pay but that there has been a documented collapse of his "ability to maintain ordinary financial operations." Dkt. No. 132 at 6. The Court understands that statement to refer to the challenges Defendant has

faced running a business while being subject to the fine and order of forfeiture. That statement is not sufficient to justify a change in the payment schedule or relief from the need to pay interest.

Defendant complains that the Government's choice to collect forfeiture from his investment holdings has generated capital gains upon which he must pay taxes and that the Government should have satisfied his forfeiture obligations through the sale of his Vermont properties. Dkt. No. 132 at 4–5. However, the Government had no obligation to account for Defendant's "possible tax liabilities." *United States v. Weitzman*, 963 F. Supp. 2d 218, 222 (S.D.N.Y. 2013).

Finally, Defendant complains that the Government has not complied with the Final Order of Forfeiture. Dkt. No. 118. That order vested in the United States "[a]ll right, title and interest" in the following assets: (1) Mass Mutual Insurance Policy No. 9622783; (2) MetLife Insurance Policy No. 206218872PRR; (3) Any and all funds and assets held at Citizens Financial Group (GoldCoast) Investment held in the name of the Defendant; (4) Any and all funds and assets held in Fidelity IRA Investment Account No. 262112444 held in the name of the Defendant; and (5) Any and all funds and assets held in Fidelity Investment Account No. Z35137763 held in the name of the Defendant (collectively, the "Substitute Assets"). *Id.* ¶ 1. It also directed the order in which the Marshals Service was to liquidate the Substitute Assets and that, after the Substitute Assets had been liquidated up to the forfeiture amount, the Marshals Service was to "cease sales and . . . remit the unsold assets along with any excess sales proceeds to the Defendant." *Id.* ¶ 4. Defendant seeks an accounting with respect to the amounts that the Government has realized from each of the assets, such that he would be entitled to any excess that remained. He also asserts that the Mass Mutual and MetLife policies do not belong to him. Dkt. No. 132 at 8–9. The Government has confirmed that the MetLife Policy was assigned to a family trust in 2014

and represents that it is in the process of confirming whether Defendant also assigned the Mass Mutual policy to a third party. Dkt. No. 134 at 4–5. The Government states that it intends to separately move for final forfeiture of Defendant's Wells Fargo and Phoenix Financial accounts as substitute assets and to return the MetLife and Mass Mutual policies to the relevant third parties. *Id.* at 5.

Defendant has not established a violation of the Final Order of Forfeiture. The Government represents, and Defendant does not dispute, that the Government has recovered only approximately $377,586.94 of the $716,176.87 forfeiture money judgment. Dkt. No. 134 at 1; Dkt. No. 135 at 1. Defendant is entitled to the return of any amounts in excess of the forfeiture money judgment. He has not established either that the Government has recovered the forfeiture money judgment or a right to an accounting before the Government's recovery efforts approach that amount.

For the foregoing reasons, Defendant's motion is denied.[1] The Government shall submit a letter within 30 days of this Order reporting on its efforts to identify the owner of the Mass Mutual policy and the anticipated timetable for any motion with respect to Defendant's other accounts.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 132.

SO ORDERED.

Dated: October 21, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge

[1] To the extent that this Order does not specifically address each of Defendant's arguments, those arguments are rejected for the reasons stated in the Government's letter of August 17, 2026. Dkt. No. 134.